```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
JAMES BARRY,                             :
               Plaintiff,                :
                                         :     09 Civ. 8805 (DLC)
          -v-                            :
                                         :
CITY UNIVERSITY OF NEW YORK; HUNTER      :        MEMORANDUM
COLLEGE; Director of Human Resources     :      OPINION & ORDER
ROBERT McGARRY; ANAND PADMANABHAN,       :
Chief Information Officer; and the       :
CITY OF NEW YORK,                        :
                                         :
               Defendants.               :
                                         :
-----------------------------------------X
```

APPEARANCES:

For Plaintiff:

Andrew J. Schatkin
Law Office of Andrew J. Schatkin
350 Jericho Turnpike
Jericho, NY 11753

For the City of New York:

Courtney B. Stein
Assistant Corporation Counsel
New York City Law Department
100 Church Street, Room 2-140
New York, NY 10007

DENISE COTE, District Judge:

Plaintiff James Barry ("Barry" or "plaintiff") brings this lawsuit alleging age discrimination and intentional infliction of emotional distress. On April 1, 2010, the City of New York ("the City") -- the sole remaining defendant in this action --

moved to dismiss the plaintiff's amended complaint.  For the following reasons, the City's motion to dismiss is granted.

BACKGROUND

The facts of the plaintiff's January 26, 2010 amended complaint (the "Complaint") are set forth in detail in the March 30 Opinion and Order dismissing the City's co-defendants.  See Barry v. City Univ. of N.Y., __ F. Supp. 2d. __, No. 09 Civ. 8805 (DLC), 2010 WL 1253928 (S.D.N.Y. Mar. 30, 2010) (the "March 30 Opinion").  Familiarity with the March 30 Opinion is assumed.

Since January 1981, the plaintiff has been employed by Hunter College ("Hunter"), a senior college of the City University of New York ("CUNY").[1]  In his almost thirty years at Hunter, Barry has gradually assumed greater job responsibilities, but he has never been promoted to a higher job classification.  Barry's current position is Help Desk Manager, and his current classification is "Assistant to Higher Education Officer."  Barry asserts that he is entitled to have his title reclassified to "Higher Education Assistant" because all requirements for reclassification imposed by Hunter have been satisfied.  Barry filed an administrative grievance to challenge the apparent denial of his reclassification request, and that

---

[1] Although the Complaint does not identify Hunter as a senior college, plaintiff's opposition to the City's motion to dismiss admits that it is.

2

grievance was denied in March 2007.

In the Complaint, the plaintiff alleges that the denial of his request for reclassification amounted to unlawful discrimination in violation of the Age Discrimination in Education Act, 29 U.S.C. § 621 et seq.  The Complaint further asserts that "[t]he City of New York is fully responsible for the discriminatory actions taken against Mr. Barry" because "[t]he City of New York has a significant role in the governance and operation of the CITY University, and can be sued with respect to its role in the governance of the CITY University." Aside from asserting that the City is "fully responsible" for CUNY, Barry does not allege any personal involvement by City officials or employees in any of the events giving rise to this claim.

## DISCUSSION

The City moves to dismiss the Complaint for failure to state a claim upon which relief may be granted.  In particular, the City asserts that it is not a proper party in this case because Hunter is a senior college of CUNY and, thus, the proper defendant is CUNY.[2]

---

[2] The City also asserts that the plaintiff failed to timely file the Complaint and failed to serve the summons and Complaint on the City by the deadlines imposed by an Order dated December 21,

In Clissuras v. City Univ. of N.Y., 359 F.3d 79 (2d Cir. 2004) (per curiam), the Court of Appeals for the Second Circuit concluded that, insofar as "senior colleges" of the CUNY are concerned, CUNY is an "arm of the state." Clissuras, 359 F.3d at 81.  The Clissuras court found that "the state is responsible for paying money judgments entered against CUNY senior colleges" and that "ultimate control over how CUNY is governed and operated rests with the state."  Id. at 82 (citation omitted). The court concluded that while "CUNY senior colleges certainly do have a degree of independence, . . . they are ultimately accountable to, and dependent upon, the state."  Id. at 83 (citation omitted).

This precedent notwithstanding, plaintiff asserts in opposition that the City is a proper defendant because it "has a seminal and critical role in the entire CUNY system" and "the CUNY system is handled interchangeably and inextricably by the City of New York and the State of New York."  The plaintiff cites a variety of statutory provisions providing, inter alia, that CUNY is intended to serve the population of the City, N.Y. Educ. Law § 6201; that the seventeen-member CUNY Board of Trustees includes five members who are appointed by the Mayor of the City, id. § 6204; that employees of the CUNY community

---

2009.  Because the plaintiff has failed to state a claim against the City, the Court need not reach these issues.

colleges (but not senior colleges) are to be defended in litigation by the City's corporation counsel, id. § 6205; and that expenditures for CUNY senior colleges are "pre-financed" from City funds, id. § 6221.  The plaintiff asserts that, though his argument may be "unusual and novel," his "attorney feels that it has substantial statutory validity" because "the City's role in the governance of the senior college is obvious and substantial."

Plaintiff's argument cannot succeed.  Plaintiff expressly concedes that "there is law to support the defendant City's position in this case," and yet identifies no law whatsoever that supports his own position.[3]  In the absence of any showing that the City is liable for the conduct of an entity that, according to settled precedent, constitutes an "arm of the state," Clissuras, 359 F.3d at 81, plaintiff's claim against the City is foreclosed.

---

[3] Plaintiff cites only one case, Apollon v. Giuliani, 675 N.Y.S.2d 38 (1st Dep't 1998), which predates Clissuras.  If anything, Apollon supports the City.  The court observed that a "case-by-case determination" is required to determine "[w]hether CUNY is more closely analogous to a State agency or to a City agency."  Id. at 41.  The Appellate Division, concluding that the result should largely depend on "whether the case involves senior colleges or community colleges," strongly suggested that CUNY is to be "treated as a State agency" insofar as its senior colleges are involved.  Id.

5

CONCLUSION

The City's April 1, 2010 motion to dismiss is granted in its entirety. The Clerk of Court shall enter judgment for the defendants and close the case.

SO ORDERED:

Dated:    New York, New York
         May 13, 2010

                                          _____
                                               DENISE COTE
                                          United States District Judge